**Opinions of the United States Court of Appeals for the Third Circuit**



10-25-2005

# State Farm Mutl Auto v. Gillespie

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4376

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"State Farm Mutl Auto v. Gillespie" (2005). *2005 Decisions.* Paper 351.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/351

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 04-4376

———

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

v.

ROBERT GILLESPIE; JOYCE GILLESPIE,
Appellants

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 03-cv-06167)
District Judge: Hon. J. Curtis Joyner

———

Submitted Under Third Circuit LAR 34.1(a)
October 24, 2005

Before:  SLOVITER and FISHER, Circuit Judges, and
THOMPSON*, District Judge

(Filed:   October 25, 2005)

———

OPINION

_____

* Hon. Anne E. Thompson, United States District Judge for the District of New
Jersey, sitting by designation.

1

SLOVITER, Circuit Judge.

Appellants Robert and Joyce Gillespie appeal the District Court's denial of their motion for summary judgment and grant of the cross-motion for summary judgment filed by appellee, State Farm Mutual Automobile Insurance Company ("State Farm"). The District Court issued a declaratory judgment stating that the maximum amount due to the Gillespies under their Underinsured Motorist ("UIM") coverage was $15,000, rather than the $100,000 which they seek. The parties agree that Pennsylvania law applies.

I.

FACTS AND PROCEDURAL HISTORY

On September 12, 1971, Robert Gillespie applied for and received an automobile insurance policy from State Farm. In his initial application, Gillespie selected bodily injury coverage limits of $100,000/$300,000 and uninsured ("UM") and underinsured ("UIM") motorist coverage of $15,000/$30,000. In 1984, Pennsylvania enacted the Motor Vehicle Financial Responsibility Law ("MVFRL"), 75 Pa. Cons. Stat. Ann. § 1701 (West 2005), et seq. The MVFRL provides that all automobile insurance policies issued in the Commonwealth of Pennsylvania must offer UIM coverage in amounts equal to liability for bodily injury. 75 Pa. Cons. Stat. Ann. § 1731 (West 2005). It further provides that a named insured may elect in writing to lower the limits of UM and UIM coverage. 75 Pa. Cons. Stat. Ann. § 1734 (West 2005).

When Gillespie's policy came up for renewal in 1984, State Farm sent him, inter

2

alia, a renewal notice and an "Important Notice" pursuant to Section 1791 of the MVFRL. Although State Farm was unable to locate the actual renewal notice and "Important Notice" that were sent to Gillespie in 1984, the Gillespies do not dispute that there was sufficient evidence to support the District Court's finding that Gillespie had received the "Important Notice" required by the MVFRL together with the renewal notice sent to him in 1984. (App. at A12) Instead, the issue before us concerns the amount of insurance that was purchased.

It appears that the current State Farm policy does not vary from the policy at issue here in any manner material to the issue in this case. The top right hand corner of the renewal notice sets forth a list of the premium cost of various coverages, followed by "PAY THIS AMOUNT" with the total printed below. In the bottom left hand corner of the renewal notice there is a paragraph that states in full capital letters the following, in pertinent part:

> See insert about new law. Due to a law change, . . . uninsured motor vehicle, coverage U has been replaced with new uninsured and underinsured motor vehicle coverage U with limits to equal your bodily injury liability limits. If you want these coverage limits, pay the amount due.
> If you want coverage U with your previous coverage U limits of $15,000/$30,000, pay [lower amount].

App. at A79, A210.

Following receipt of the "Important Notice" and the renewal notice, Gillespie elected to pay the lower amount set forth in the paragraph on the bottom left of the

3

renewal notice. He continued to pay the amount reflecting lower UIM coverage for nearly 16 years.

On July 22, 2000, Joyce Gillespie was injured in an accident while a passenger in an automobile driven by her husband. Mrs. Gillespie was able to recover the policy limits from the other driver's automobile insurance company and presented a claim to State Farm for underinsured motorist coverage for her remaining losses under the three State Farm policies that Gillespie had purchased. State Farm tendered $15,000 to Mrs. Gillespie on each policy. The Gillespies accepted the $15,000 tendered on two of the policies, but claimed that they were owed $100,000 in UIM benefits on the third policy.

Thereupon, State Farm filed this declaratory judgment action in the United States District Court for the Eastern District of Pennsylvania. Following the completion of pretrial discovery, the parties filed cross-motions for summary judgment. The District Court issued a Memorandum Opinion and Order which denied the Gillespies' motion for summary judgment and granted State Farm's cross-motion for summary judgment. App. at A3.

We have jurisdiction under 28 U.S.C. § 1291. The scope of review of the order granting summary judgment is plenary; we review the District Court's findings of fact for clear error. In re Unisys Sav. Plan Litig., 173 F.3d 145, 149 (3d Cir. 1999).

II.

DISCUSSION

The Pennsylvania Supreme Court has not yet ruled on the issue of whether payment of an insurance premium alone constitutes an effective waiver of higher UIM benefits under the MVFRL. Therefore, federal courts should "give due regard, but not conclusive effect, to the decisional law of lower state courts." Nationwide Mut. Ins. Co. v. Buffetta, 230 F.3d 634, 637 (3d Cir. 2000).

The Gillespies contend that they never made the requisite request in writing for lower UIM coverage pursuant to the MVFRL. Section 1731 of the MVFRL provides:

> No motor vehicle liability insurance policy shall be delivered or issued for delivery in this Commonwealth, with respect to any motor vehicle registered or principally garaged in this Commonwealth, unless uninsured motorist and underinsured motorist coverages are offered therein or supplemental thereto in amounts as provided in section 1734 (relating to request for lower limits of coverage). Purchase of uninsured motorist and underinsured motorist coverages is optional.

75 Pa. Cons. Stat. Ann. § 1731 (West 2005). Pursuant to Section 1734, "[a] named insured may request in writing the issuance of coverages under section 1731 . . . in amounts equal to or less than the limits of liability for bodily injury." 75 Pa. Cons. Stat. Ann. § 1734 (West 2005).

Pennsylvania courts have held that "there is a presumption that an insured had knowledge of their [sic] UIM coverage limit if the insurer issued an Important Notice pursuant to 75 Pa.C.S.A § 1791, and the insured has made premium payments following

5

the receipt of the Important Notice." Hayes v. Harleysville Mut. Ins. Co., 841 A.2d 121, 126 (Pa. Super. 2003) (citing Breuninger v. Pennland Ins. Co., 675 A.2d 353, 357 (Pa. Super. 1996)). In order for this presumption to be effective, " the insured must have actually selected coverage, and the selection process must be in conformity with Section 1734, i.e., the insured must have requested in writing a lower UM/UIM coverage." Hayes, 841 A.2d at 126. (emphasis in original). However, the MVFRL does not provide for any specific form to which the writing must conform. Lewis v. Erie Ins. Exch., 793 A.2d 143 (Pa. 2002).

It can be presumed that Gillespie had knowledge of his UIM limits because the parties do not dispute that he received the "Important Notice" and that he made premium payments after he received it. Thus, the central issue is whether the premium payments made by Gillespie representing coverage at the $15,000/$30,000 level constitute a valid waiver in writing of UIM coverage equal to bodily injury coverage.

State Farm contends that payment of the lower amount indicated on the renewal notice constitutes Gillespie's knowing selection of UIM benefits in the amount of $15,000. The District Court agreed, observing that "numerous courts have held that an insured requests lower UIM limits in writing when he has either remitted checks to the insurer for the lower amount or signed a form electing to retain lower UIM coverage limits." (App. at A12) (citing State Farm Mut. Auto. Ins. Co. v. Vollrath, No. 02-1257, 2004 U.S. Dist. LEXIS 12077 (E.D. Pa. June 28, 2004); Buffetta, 230 F.3d at 639-41;

6

Clifford v. Prudential Property & Cas. Ins., No. 99-1788, 2001 U.S. Dist. LEXIS 13808

(M.D. Pa. August 28, 2001); Kline v. Old Guard Ins. Co., 820 A.2d 783 (Pa. Super.

2003); Dang v. State Farm Mut. Ins. Co., No. 96-411, 1996 U.S. Dist. LEXIS 10359

(E.D. Pa. July 19, 1996)).

The Gillespies seek to distinguish the cases cited from the present case on the

ground that in most of them the insureds had executed a valid written request for lower

benefits.  They concede, however, that the Vollrath case presented almost identical facts.

In that case, State Farm sent the insured a renewal notice that contained the same

language sent to Gillespie, and, like Gillespie, the insured paid the lower amount

contained on the notice reflecting a selection of lower UIM coverage.  Vollrath, 2004

U.S. Dist. LEXIS 12077 at *14.  The court held that the insured had selected lower UIM

coverage in writing by remitting payments reflecting the lower amount.  Id.  The

Gillespies do not offer any basis to distinguish the Vollrath holding.

Although State Farm has not produced any written form or document signed by

Gillespie indicating his intent to select lower UIM coverage, the District Court stated,

> State Farm's records indicate that Mr. Gillespie never requested
> higher UIM limits at anytime between 1971 and the date of the subject
> accident.  (See Exhibits "C" and "H").  Both Plaintiff's records and the
> testimony of Mr. Gillespie himself reflect that he paid the lower premium to
> select the same UIM coverage that he had prior to enactment of the
> MVFRL–15,000/30,000, although he did not really understand what UIM
> coverage was.  (Exhibit "G," pp. 25-43; Exhibit "H").

App. at A14.

7

The District Court further noted that

> [w]hile one of the goals of the legislature in enacting the MVFRL was to establish a liberal compensatory scheme of underinsured motorist protection, containment of insurance costs was another and it is cost containment which has become an increasingly significant one with the General Assembly employing the vehicle of free consumer choice with greater latitude and frequency in furtherance of the cost containment objective.

App. at A14 (citations omitted). The District Court concluded, "Given this trend and in view of Mr. Gillespie's payment of reduced premiums over a period of nearly 16 years, we find that he did thereby elect in writing the lower limits of UIM coverage. In short, the defendants are entitled to what they paid for-$15,000 in UIM coverage." App. at A15. We agree with the District Court's analysis and conclusion. Essentially for the reasons set forth by the District Court, we will affirm its grant of summary judgment on behalf of State Farm.

_____